### HERRLICH v. HYMAN et al.

(Supreme Court, Appellate Term. January 7, 1909.)

1. CONTRACTS (§ 19*)—ACCEPTANCE—REVOCATION.

A complaint alleged that defendants were administrators of one A., and that, at the request of A. in his lifetime, plaintiff, three days after his death, performed certain work and furnished certain material. *Held*, that the complaint was demurrable, as the request of A. in his lifetime was only an offer which could not be of binding effect when not acted upon or accepted by plaintiff before its revocation, and it was revoked by death before such acceptance.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 58; Dec. Dig. § 19.*]

2. EXECUTORS AND ADMINISTRATORS (§ 205*)—CLAIMS—SERVICES FOR INTESTATE.

Where suit was brought against intestate's representatives on a quantum meruit, and the services were alleged to have been rendered after the death of intestate, as he was not bound to pay for them up to the time of his death, his administrators were not liable on the theory of his liability.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 732; Dec. Dig. § 205.*]

Appeal from City Court of New York, Special Term.

Action by Philipp Herrlich against Samuel Hyman and another, as administrators of the estate of William J. Lunney, deceased. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Wertheimer & Duffy (Louis Wertheimer, of counsel), for appellants.

David Bernstein, for respondent.

HENDRICK, J. This is an appeal from an interlocutory judgment entered on a decision overruling the demurrer to the complaint. The demurrer was interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action. The complaint, in substance, sets forth that one William J. Lunney died intestate on May 2, 1908, that the defendants are his administrators, and that, pursuant to the instance and request of said intestate in his lifetime, the plaintiff on the 5th day of May, 1908 (three days after his death) performed certain work, labor, and services, and furnished certain material for and on behalf of said intestate of the value of $400, etc.

It is urged on behalf of the demurrants that no valid contract, as between the plaintiff and the defendants' intestate, is set up in the complaint. I think that is so. Had the plaintiff alleged a contract entered into with the decedent during his lifetime in pursuance of which the work was done after his death, no question of the sufficiency of the complaint could have arisen; but the allegation is of a contract consummated after one of the parties had died. The request of Lunney in his lifetime was not a contract, but an offer. It could only become of binding effect when not acted on or accepted by the plaintiff before its revocation; but here it was revoked by death before it could be accepted or acted on, and no binding contract

was therefore ever made. The plaintiff claims that the action is based on a quantum meruit, and not on an express contract; but the allegations are of services rendered for the defendants' intestate after his death, and not in his lifetime. He was not bound to pay for them at any time up to the moment of his death, and so his representatives cannot be held liable by reason of his liability.

It may be that a bilateral contract was actually executed between the plaintiff and the defendants' intestate before his death; that is, there may have been a promise exchanged for a promise. On the other hand, the defendants may be held liable as administrators for the work done on an implied agreement to pay for it. But the complaint is not based on either of such causes of action, and upon its allegations it is clearly demurrable.

Judgment reversed, with costs and demurrer sustained, with leave to plaintiff to plead over on payment of costs of demurrer and costs of this appeal within six days. All concur.